TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER BRUNWIN (Cal. Bar No. 158939)
Assistant United States Attorney
Violent and Organized Crime Section
      1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-4242
      Facsimile: (213) 894-3713
      E-mail:    Christopher.brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-688(A)-DSF-8 |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| EDWARD GUERRERO, et al., | |
| Defendants. | Current Trial Date: March 2, 2021 Proposed Trial Date: May 4, 2021 |

Plaintiff United States of America, by and through its counsel of record, and defendants, both individually and by and through his counsel of record, hereby stipulate as follows:

1.   The First Superseding Indictment in this case was filed on October 27, 2016.  Defendant Guerrero appeared before a judicial officer of the court in which the charges in this case were pending on January 5, 2021.  The Speedy Trial Act, 18 U.S.C. § 3161,

originally required that the trial commence on or before March 16, 2021.

2.    On January 5, 2021, the Court set a trial date of March 2, 2021.

3.    Defendant is in custody.

4.    By this stipulation, defendant moves to continue the trial date to May 4, 2021 and the Status Conference, currently set for January 29, 2021, to April 12, 2021.

5.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant is charged in a 31-count indictment, which charges multiple violations of racketeering and racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(c) and 1962(d); narcotics trafficking, in violation of 21 U.S.C. §§ 846 and 841(a)(1); witness tampering, in violation of 18 U.S.C. § 1512; and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. 922(g)(1).  The indictment alleges violent crimes and narcotics offenses committed by numerous members and associates of a large-scale criminal enterprise committed over a period of years. The government has arranged to produce discovery to the defendant, including a large volume of written reports, copies of exhibits, audio and video recordings, wiretap documents, and other evidence to support the allegations in the indictment.

b.    Due to the nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial

proceedings or for the trial itself within the Speedy Trial Act time limits.

c.   Defense counsel will need additional time to review materials and prepare the matter for trial, if it cannot be resolved prior to trial.

d.   In light of the foregoing, counsel for defendant represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e.   Defendant submits that failure to grant the continuance will deny him continuity of counsel and adequate representation.

f.   The government does not object to the continuance.

g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the Government to obtain available witnesses.

6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from March 2, 2021 to May 4, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii)] and (h)(7)(B)(iv) because the delay results from a

continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

     7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional

time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 26, 2021                    TRACY L. WILKISON
                                           Acting United States Attorney
                                           BRANDON D. FOX
                                           Assistant United States Attorney
                                           Chief, Criminal Division

                                            */s/Christopher Brunwin*
                                           CHRISTOPHER BRUNWIN
                                           Assistant United States Attorney

                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA


     Defense counsel stipulate and represent that he has carefully

discussed this stipulation and the continuance of the trial date with

his client and fully informed him of his Speedy Trial rights.  To his

knowledge, his client understands those rights and agrees to waive

them.  Counsel believes that his clients' decision to give up the

right to be brought to trial earlier than May 4, 2021 is an informed

and voluntary one.

Dated: January 26, 2021


  */s/Louis J. Shapiro*
LOUIS J. SHAPIRO

Attorney for Defendant
EDWARD GUERRERO